# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**DAVID SANDERS**                                                                          **PETITIONER**

**v.**                                                            **No. 1:16CV142-GHD-RP**

**ITAWAMBA COUNTY,**
**STATE OF MISSISSIPPI**                                                          **RESPONDENTS**

## ORDER SETTING BRIEFING SCHEDULE

This matter comes before the court on the motion [23] by the Respondents to dismiss the instant petition for a writ of *habeas corpus* filed under 28 U.S.C. § 2254 as untimely filed. In the alternative, the Respondents argue that Mr. Sanders did not exhaust his state remedies before proceeding in federal court, as he has not presented his claims to the Mississippi Supreme Court for review. Mr. Sanders argues that the court should consider his petition, despite its untimeliness and procedural deficiencies, as he is actually innocent of the crime of his conviction – possession of contraband (tobacco) in a prison facility. As set forth below, it appears to the court that he is correct, as tobacco is not one of the enumerated items in the definition of "contraband" in the statute under which Mr. Sanders was convicted.[1] For this reason, the court will set a briefing schedule so that the parties may present focused arguments on this narrow issue.

### Facts and Procedural Posture

Mr. Sanders pled guilty to the crime of possession of contraband (tobacco) in a prison facility:

> It is unlawful for … any … offender to possess … any … *contraband item* … on property within the state belonging to the department, a county, a municipality, or other entity that is occupied or used by offenders, except as authorized by law.

---

[1] As set forth below; none of the documents provided thus far state the Mississippi Code section under which Mr. Sanders was prosecuted. The court believes it to be Miss. Code Ann. § 47-5-193, based upon the description of the offense and the maximum and minimum penalties set forth in the documents thus far provided.

Miss. Code Ann. § 47-5-193 (emphasis added).² The statute specifies the items defined as "contraband":

> As used in Sections 47-5-191 through 47-5-195, … "contraband" means coin or currency, money orders, traveler's checks, promissory notes, credit cards, personal checks or other negotiable instruments, knives, sharpened instruments, tools, explosives, ammunition and drug paraphernalia as defined in Section 41-29-105(v).

Miss. Code Ann. § 47-5-191. Absent from the statutory definition of "contraband," however, is any mention of tobacco.³

> Violation of § 47-5-193 is a felony punishable by:
>
> confinement in the Penitentiary for not less than three (3) years nor more than fifteen (15) years" and a fine of "not more than Twenty-five Thousand Dollars ($25,000.00) or both.

Miss. Code Ann. § 47-5-195.

Indeed, the trial court sentenced Mr. Sanders to the statutory maximum of fifteen years' imprisonment, credited him with time served, and suspended the remainder of the sentence, provided that Sanders "does not violate any laws of the United States, State, County or City and complies with the conditions of Post Release Supervision . . . ." Doc. 23-2. Sanders, however, violated the terms of his supervised release; the court revoked the 15 years of supervised release and imposed a sentence of 5 years' imprisonment, followed by five years of supervised release. Doc. 23-4. The new sentence runs consecutive to all sentences previously imposed. *Id.* The other provisions of the original sentencing order were unchanged. *Id.*

## Timeliness, Exhaustion, Procedural Default

---

² The language in this section is not a model of clarity and spans two sentences.

³ In defining the various items constituting "contraband," Section 47-5-191 refers to another part of the Mississippi Code – Section 41-29-106(v). That is a lengthy section defining and providing numerous examples of drug "[p]araphernalia." It contains no mention of tobacco.

The Respondents argued in their motion to dismiss, Mr. Sanders' petition is untimely under one-year federal *habeas corpus* limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), as it was filed approximately 920 days after the one-year deadline expired. They appear to be correct, however, as discussed below, Mr. Sanders has made a powerful showing that he is actually innocent of the crime of his conviction, which provides a path through which the court may address the merits of the instant petition. Thus, the court may not rule upon the instant motion to dismiss until first deciding the issue of actual innocence.

**Procedural Default**

Mr. Sanders' conviction became final on January 25, 2013, when he was sentenced on his guilty plea, as Mississippi law does not permit a direct appeal from a plea of guilty, and he did not file any motions for state post-conviction collateral relief. The limitations period for seeking post-conviction collateral relief in Mississippi is three years, which sets Mr. Sanders' deadline for seeking such relief to January 25, 2016. Miss. Code Ann. § 99-39-5. As such, it appears that Mr. Sanders can no longer exhaust his administrative remedies in state court. If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Mr. Sanders is thus precluded from raising his claims through *habeas corpus* in federal court, as he is barred by the doctrine or procedural default. However, a strong claim of actual innocence may also overcome the barrier procedural default and permit the court to examine the merits of a petitioner's grounds for relief. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013).

**Actual Innocence**

Actual innocence, if proved, serves as a means of avoiding the AEDPA one-year statute of limitations, as well as the doctrine of procedural default. *Perkins, supra*. In that case, Mr. Perkins was convicted of first-degree murder and was sentenced to life in prison. More than *eleven years* after his conviction became final, he filed a federal petition for a writ of *habeas corpus* alleging that trial counsel was ineffective. He tried to overcome the one-year limitations period under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), asserting newly discovered evidence of actual innocence implicating someone else as the murderer. The district court held that, even if the evidence was "newly discovered," Mr. Perkins had not shown that he acted diligently. The district court also found that Mr. Perkins had not shown that, considering all of the evidence, no reasonable juror would have convicted him. The Sixth Circuit reversed, holding that Perkins was entitled to present his ineffectiveness claim, even though he had not diligently pursued his rights.

"[A]ctual innocence, if proved, serves as a gateway through which a prisoner may pass whether the impediment is a procedural bar, as in *Schlup* [*v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)], or *House* [*v. Bell*, 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006)], or, as in this case, expiration of the statute of limitations." *Perkins, supra,* at 1928. The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare," and that in order for a petitioner to meet the threshold requirement, he must persuade the district court that, "'*in light of the new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Perkins*, 133 S.Ct. at 1928, 1935–36 & n.4 (emphasis added) (quoting *Schlup*, 513 U.S. at 329). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial

unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Perkins*, 133 S.Ct. at 1928, 1935–36 & n.4 (quoting *Schlup*, 513 U.S. at 316). The actual innocence showing based upon newly discovered evidence excuses a procedural bar; it does not constitute an independent substantive claim. *Herrera v. Collins*, 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993); *Sistrunk v. Armenakis*, 292 F.3d 669, 673 (9th Cir. 2002) (en banc).

As for diligence, the Court held that a petitioner's unjustifiable delay is not an absolute bar to relief, but is merely "a factor in determining whether actual innocence has been reliably shown." The Court added an important caveat: "A showing that delay was part of a deliberate attempt to manipulate the case, say by waiting until a key prosecution witness died or was deported, might raise a different ground for withholding equitable relief." *Perkins*, 133 S. Ct. at 1936.

The instant case differs from *Perkins, Herrera,* and *Sistrunk* in that a finding of actual innocence depends, not upon discovery of new evidence, but instead upon what appears to be a gross misunderstanding of a Mississippi criminal statute: whether tobacco constitutes "contraband" under Miss. Code Ann. § 47-5-193. It appears that the prosecutor, defense attorney, and even the trial judge misapplied the criminal statute during Mr. Sanders' change of plea hearing – and permitted him to plead guilty to a nonexistent felony – possession of tobacco in a detention facility.

The Mississippi Supreme Court looks to § 47-5-191 to determine the precise definition of contraband under § 47-5-193, holding, "The term 'contraband' is defined by Mississippi Code Annotated section 47-5-191 (Rev.2004) . . . ." *Amos v. State*, 44 So. 3d 1058, 1060 (Miss. Ct. App. 2010) (determining that, under Miss. Code Ann. § 47-5-191, "contraband" includes "coin

or currency"). As set forth above, however, tobacco is not among the many items the statute defines as contraband.

The Mississippi statute governing possession in a detention facility of items prohibited *by the Mississippi Department of Corrections Commissioner* (rather than by statute) is Miss. Code Ann. § 47-5-192:

> Authority to prohibit items; possession by employees and visitors
>
> (1) The Commissioner of Corrections may prohibit the possession by employees or officers of the Department of Corrections or any person allowed upon the premises of a correctional facility under his jurisdiction of any item, the possession of which by offenders is prohibited or regulated.
>
> (2) The commissioner may distinguish between classes of employees and visitors and may establish zones or designate areas or facilities where such regulations apply in his discretion and as necessary for security and orderly operation of prison facilities.
>
> (3) The commissioner shall promulgate rules authorized by this section in accordance with the Mississippi Administrative Procedures Act.
>
> (4) Any person who violates a duly enacted rule authorized by this section shall be guilty of a misdemeanor and shall be punished by imprisonment for not more than one (1) year or by a fine of not more than One Thousand Dollars ($1,000.00), or both.

Miss. Code. Ann. § 47-5-192. This statute, which leaves to the MDOC Commissioner the task of identifying non-allowable items in a detention facility, is a *misdemeanor*, with a maximum penalty of one years' incarceration – and appears to be carefully crafted so that the word "contraband" does not appear, so as not to conflict with the specific definition of "contraband" in the previous section in the Mississippi Code. From long experience with *pro se* prisoner cases, the court knows that tobacco is, indeed, an "item, the possession of which by offenders is prohibited . . . ." *Id*. Thus, it appears to the court that Mr. Sanders, by possessing tobacco in the Itawamba County Jail, should have faced – at most – misdemeanor charges under Miss. Code Ann. § 47-5-192.

## Showing Actual Innocence After a Guilty Plea

If a petitioner pled guilty and later seeks to challenge his plea on a ground that has been procedurally defaulted, he may be entitled to a hearing on the merits if he demonstrates "cause and actual prejudice" or actual innocence. *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). In responding to a claim of actual innocence, the government is not limited to the existing record to rebut the petitioner's evidence and arguments. Instead, the government may introduce any admissible evidence of the petitioner's guilt, even evidence not presented at the petitioner's plea hearing. *Bousley v. United States*, 523 U.S. 614, 624, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998) (defendant, who had defaulted claim that his guilty plea was unintelligent, was entitled to attempt to make a showing of actual innocence). Further, if the government forewent more serious charges during plea bargaining, the petitioner must show that he is innocent of all of the *more serious* charges foregone. *Id*. If the petitioner can make this showing, then the court may consider his defaulted claim on the merits. *Id*.

## The Merits of Mr. Sanders' Claims

Nearly all the authority discussing claims of actual innocence involve "newly discovered evidence" which would tend to exonerate the petitioner. *See, e.g., Perkins, supra*. That is not, however, what Mr. Sanders alleges here. According to Mr. Sanders' arguments in the present case, no one involved in the plea process understood the elements of the crime with which he was charged – and to which he pled guilty. *Bousley* is the case which most closely approximates the present one, though *Bousley* involved the Supreme Court's interpretation of a statute that differed from the interpretations of several courts of appeal. See, generally, *Bousley, supra*. The Court held

in *Bousley* that, in a case where neither the petitioner, "nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged, . . . [the] petitioner's plea would be … constitutionally invalid." *Bousley*, 523 U.S. at 618. On the incomplete record now before the court, that appears to be the situation Mr. Sanders faces.

**Procedural Path Forward**

A colorable claim of actual innocence in a federal *habeas corpus* proceeding is rare, but Mr. Sanders appears to have made one in the instant case. However, the court is loath to make a definitive ruling on the issue of actual innocence based upon on the incomplete record now available. The court cannot rule upon the pending motion to dismiss without first deciding whether Mr. Sanders has made a sufficient showing of actual innocence to overcome both the untimeliness of his petition – and the fact that the doctrine of procedural bar precludes the court from considering his *habeas corpus* claims. The court will therefore provide the parties and opportunity to brief the issue of actual innocence.

It is unclear whether the State in this case declined to prosecute other, more serious, charges as part of Mr. Sanders' plea agreement, and, under *Bousley, supra*, this fact bears on the proof Mr. Sanders must provide to establish actual innocence. *Strangely, there is not a single mention of the precise criminal statute Mr. Sanders was charged with violating* in the criminal trial and revocation documents provided by either Mr. Sanders or the State. Neither the prosecutor, defense counsel, nor the trial court identified the actual Code section of the charges in any of these documents: the 29-page transcript of the plea colloquy, criminal information, waiver of indictment, sentencing order, petition to revoke post-release supervision, MDOC

Notice of Criminal Disposition, affidavit regarding violation of post-release supervision, or the Warrant for Mr. Sanders' arrest.

Mr. Sanders identifies Miss. Code Ann. § 47-5-193 as the section in several places in his filings, but none of the State's documents provided thus far do so. The prosecutor did, however, state the minimum and maximum penalties for the offense during the plea colloquy, and those match the penalties set forth in Miss. Code Ann. § 47-5-195 (which establishes the penalties for possession of contraband in a detention facility under § 47-5-193).

**Briefing Schedule**

As colorable claims of actual innocence are extremely rare, there is little authority guiding the court on how to proceed from this point. The most rational course the court can chart is to provide ample time for both the State and Mr. Sanders to present evidence and argument regarding the claim of actual innocence – and its effect on the present case.

The court thus **SETS** the deadline for the parties to present briefing on this issue for *75 days from the date of this order*. If either party would like an extension to provide briefing, the court will entertain such a motion as the deadline approaches.

**SO ORDERED**, this, the 16th day of October, 2017.

/s/   Roy Percy
UNITED STATES MAGISTRATE JUDGE