IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DAVID SANDERS                                                              PETITIONER

v.                                                                No. 1:16CV142-GHD-RP

ITAWAMBA COUNTY,
STATE OF MISSISSIPPI                                                      RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of David Sanders for a writ of

*habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to

exhaust state court remedies. The petitioner has responded to the motion; the court has received

additional briefing, and the matter is ripe for resolution. For the reasons set forth below, the State's

motion will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without

prejudice for failure to exhaust state remedies.

### Exhaustion

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state

remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>> (A) the applicant has exhausted the state remedies available in the courts of
>> the State; or
>>
>> (B) (i) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the
>> rights of the appellant

. . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

As the State argued in its supplemental brief, the petitioner still has the remedy of state post-conviction collateral relief, which he may pursue in the state trial court. As such, the instant petition for a writ of *habeas corpus* must be dismissed for failure to exhaust state remedies. Despite Mr. Sanders' failure to exhaust his claims in state court, his arguments are compelling, and the court would be interested to see the outcome of his state court proceedings.

The court cautions the petitioner that the one-year federal *habeas corpus* limitations period has been running during the pendency of this federal petition, and the petitioner needs to move with diligence in the trial court to ensure that he exhausts state remedies prior to the expiration of the federal *habeas corpus* deadline. A final judgment consistent with this memorandum opinion will issue

- 2 -

today.

**SO ORDERED**, this, the _____ day of March, 2018.

_____
SENIOR JUDGE