# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60296

In re: DAVID SANDERS,

　　　　　　　　　　　　　　Petitioner.

**A True Copy**
Certified order issued Aug 20, 2018

*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

Petition for a Writ of Mandamus
to the United States District Court
for the Northern District of Mississippi

Before SMITH, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:

David Sanders, Mississippi prisoner # K8558, has filed in this court a *pro se* petition for writ of mandamus and a motion requesting leave to file his mandamus petition *in forma pauperis*. The motion for leave to proceed *in forma pauperis* is GRANTED.

Sanders filed a 28 U.S.C. § 2254 application challenging his conviction of possession of contraband (tobacco) in a prison facility, and the magistrate judge noted that Sanders may be actually innocent of the offense because tobacco is not listed as contraband under the relevant Mississippi statute. Before the mandamus petition was filed, however, the district court dismissed Sanders's § 2254 application without prejudice for failure to exhaust state

remedies.

In his petition, Sanders maintains that the state trial court has refused to file his state motion for post-conviction relief. He generally requests help from this court, and he specifically seeks vacatur of his conviction and release from prison. He names Itawamba County, Mississippi, as the respondent, and he certifies that he served the district attorney, the state trial judge, and the Attorney General of Mississippi with the petition. Sanders does not expressly challenge the dismissal of his § 2254 application, nor did he file a notice of appeal from that dismissal.

The mandamus remedy is an extraordinary one, which we grant only in the clearest, most compelling cases. A party seeking mandamus relief must show both that he has no other adequate means for achieving the requested relief and that he has a clear and indisputable right to mandamus relief. *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987).

The All Writs Act, 28 U.S.C. § 1651(a), grants us authority only to "issue all writs necessary or appropriate in aid of [our] jurisdiction." § 1651(a); *see In re McBryde*, 117 F.3d 208, 220 (5th Cir. 1997). "The traditional use of the writ in aid of appellate jurisdiction . . . has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943). Sanders does not identify any district court action that would be a basis for the exercise of this authority. Nor does our mandamus authority extend to directing state officials in the performance of their duties and functions. *Cf. Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973) (holding that federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought").

To the extent Sanders seeks habeas corpus relief from us, we decline to grant it.  Sanders has failed to establish a ground for us to exercise such authority.  Although 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions," other changes to the habeas corpus laws wrought by the Antiterrorism and Effective Death Penalty Act of 1996 cast doubt on whether circuit judges still possess the authority to entertain an original habeas corpus petition under § 2241.  *See Felker v. Turpin*, 518 U.S. 651, 660-61 & n.3 (1996).  Under our precedent, any such authority rests in the hands of individual circuit judges, not the court of appeals itself.  *See Zimmerman v. Spears*, 565 F.2d 310, 316 (5th Cir. 1977).  Each member of this panel declines to exercise original jurisdiction remaining in individual circuit judges.  *See Zimmerman*, 565 F.2d at 316.

The petition for a writ of mandamus is DENIED.

# United States Court of Appeals

**FIFTH CIRCUIT
OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130**

August 20, 2018

Mr. David Crews
Northern District of Mississippi, Aberdeen
United States District Court
301 W. Commerce Street
Aberdeen, MS 39730

    No. 18-60296   In re: David Sanders
                           USDC No. 1:16-CV-142

Dear Mr. Crews,

Enclosed is a copy of the judgment issued as the mandate.

                            Sincerely,

                            LYLE W. CAYCE, Clerk

                            By: _____
                            Monica R. Washington, Deputy Clerk
                            504-310-7705

cc w/encl:    Mr. David Sanders